E. A. HAWKINS, for the motion.

COLLIER *v.* MORROW, sheriff, *et al.*

1. Persons selected under §840 of the code to do justice touching the
   true assessment of property for taxation in 1891, had power to fix
   the assessment at the true valuation of the property, whether
   that was less than the amount at which it had been returned by
   the tax-payer or more than the amount at which it had been as-
   sessed by the receiver of tax returns, the scheme of the statute
   being not merely an arbitration but a substitution of disinterested
   persons to ascertain true value without reference to the estimate
   either of the tax-payer or the receiver.
2. A tax-payer, having voluntarily invoked the benefit of the section
   of the code above cited, by exercising the privilege of selecting on
   his part one of the disinterested persons, cannot complain that the
   mode of assessment to which he has thus resorted is unconstitu-
   tional because the statute fails to make any provision for notice or
   hearing, or for any other reason; and, inasmuch as the statute
   makes no such provision, the board of disinterested persons was
   not bound to give notice of the time and place of its meeting, nor
   to afford the tax-payer any opportunity to be heard, the statute
   contemplating that these persons should act upon their own
   knowledge of the property and opinion of its value, and not upon
   evidence or the examination of witnesses.    *Judgment affirmed.*
   August 23, 1892.

Taxation.    Assessment.    Arbitration.    Estoppel.
Before Judge MARSHALL J. CLARKE.    Fulton county.
At chambers, June 6, 1892.

Collier prayed for a decree adjudging that the true
amount of his taxes was the sum tendered by him, and

that on payment of the same a tax *fi. fa.* be quashed; and that the defendants, the tax assessor, tax collector, and sheriff, of Fulton county, be perpetually enjoined from further demanding or enforcing any claim for taxes against him, for any greater sum than that so tendered and paid. He also prayed for a temporary injunction as against the enforcement of the levy of the tax *fi. fa.* The judge refused the temporary injunction, and Collier excepted. His petition alleged, in brief: He made a correct return in writing of all his taxable property, prior to July 1st, 1891, at the just, lawful and fair valuation of $142,405, except as to a mistake of $20,000, as hereafter set forth. This return was made to and accepted by the county tax assessor, except that when the mistake was called to his attention he corrected it. The tax assessor excepted to only one item in the return as too low, viz., the valuation of $125 per acre on 650 acres described in the return, the assessor claiming that this was below the value, and he placed an assessment of the value at $300 per acre, as an assessment claimed and made by said officer on the land, plaintiff claiming and insisting that the sum at which he had returned it was its true market value. Plaintiff and the assessor being at variance and unable to agree as to which of the two amounts was correct, assessors were selected, namely P. H. Harralson by the tax assessor and G. W. Adair by plaintiff, to pass upon said dispute as by law provided. They two, without waiting to see whether they would agree or not, selected a third, G. S. Lowndes. In the absence of plaintiff and without his knowledge, Harralson and Lowndes examined only a small portion of the tract in question, and without hearing plaintiff or notice to him and without evidence, made a writing, stating that as the board of assessors appointed by the tax assessor and Collier to assess the value of 650 acres of land, Harralson selected to represent the State and

county and Adair to represent Collier, and Harralson and Adair having selected Lowndes as the third party, Harralson and Lowndes agreed on $275,000, Adair dissenting. This was signed by Harralson, Lowndes and Adair. Thereupon, over the protest of plaintiff, the tax assessor entered the valuation of the land at $275,000 and so returned it to the tax collector's office, which valuation was grossly excessive and outrageously disproportionate to the value of adjacent property and property similarly situated throughout the county and State; and the circumstances of negligence, error, mistake and want of evidence, and all the other facts under which the same was made constitute a fraud upon the rights of plaintiff. Under the facts the assessors had no power except to decide the matter at issue and do justice between the parties as between a valuation of $125 per acre, alleged value on plaintiff's part, and $300 alleged value on the part of the tax assessor. They had no power to make an independent assessment, or to make any beyond the amount claimed by the tax receiver; and their return made without notice and not being under oath and made without evidence, and no umpire having been selected, their action and return was made without warrant or authority of law, and was void. Under the facts there is no law authorizing an assessment of plaintiff's property other than the written return made by him upon the basis of valuation of the land at $125 per acre. Upon this basis of valuation, in connection with the remainder of his return, accepted as such by the tax assessor, his State and county tax for the year in question amounted to $1,224.68, and there was no law authorizing the assessment for the larger sum of $1,666.31 more than is due. The mistake made by plaintiff on his return was in fixing the valuation of $20,000 too much upon some city property, which mistake the tax receiver recognized and corrected the error

on his books.   Within the time allowed by law plaintiff tendered the true amount of his taxes, $1,224.68, to the tax collector, who refused to receive it, and has issued an execution against plaintiff for $2,890.95, based on the so-called return of said assessors.   This has been placed in the hands of the sheriff, who has levied it on a city lot of plaintiff.   Before filing this petition plaintiff tendered the sheriff the $1,224.68, and attaches a copy of his receipt therefor.   The same exaction may and will be repeated in the future, and thus multiplicity of suits arise, and if the present process is permitted to run its course the sheriff will sell the property levied upon and make deed to the purchaser, which would be a cloud on petitioner's title.   The receipt of the sheriff acknowledged receiving of Collier $1,224.68, "being the amount admitted by him to be due for State and county taxes for the year 1891, and the same entered to the above amount on *fi. fa.* for the sum $2,890.95 issued against him."

By amendment plaintiff alleged that by the constitution of the United States and amendments thereto, particularly the 14th amendment, he was entitled to notice of the proceedings of and hearing before the board of assessors, before any legal investigation or award could be made or rendered by them, and that for want thereof both the award and the State tax laws, said laws not providing for such notice and hearing and forbidding judicial interference with said illegal proceeding of defendants, are violative of the constitutions both of Georgia and of the United States.

Defendants demurred on the ground that no cause of action or for judicial interference was set forth in the petition.   They denied in their answer that the plaintiff returned his property at a just, lawful and fair valuation.   They admitted that when the return was made, the tax receiver refused to accept the return of

plaintiff of the land, and at once assessed its value at $300 per acre, which was even below the fair market value, such value being not less than $275,000. The tax receiver gave complainant immediate notice of his assessment, and complainant then and there desired to have the assessment left to three disinterested persons, he then and there selecting Adair and the receiver selecting Harralson, and they selecting Lowndes, as by law provided. There was no irregularity in the selection of Lowndes. How the assessors arrived at the assessment defendants do not know, but from information and belief state that it was legally made and is fair and just. The tax collector did refuse the tender made by plaintiff and issued a *fi. fa.* against him for the full amount of the tax, based upon the assessed valuation, and the execution was levied by the sheriff. Complainant tendered the sheriff $1,224.68 in payment of the *fi. fa.*, but this tender was refused, and plaintiff then paid that sum on the *fi. fa.* and took a receipt as set forth in the petition. Defendants deny that anything unfair or illegal has been done by them or any one else except plaintiff, or that plaintiff has any just cause to fear illegal exactions or a multiplicity of suits.

On the hearing much evidence was introduced as to the value of the property in question, which was conflicting. There was evidence for plaintiff that he never heard or had the least notice or intimation that any one could claim, or that there was or would be any attempt to assess his property by the three chosen assessors at anything more than the tax receiver had claimed, $300 per acre, until after it was all over and the paper signed by two of them was filed. He never asked for these assessors to pass upon his property, but only for a lawful assessment, and he named Adair only as assessor and did not know either Harralson or Lowndes. Plaintiff introduced the official county map and an abstract

from the tax digest for the year 1891, to show the location and assessed value for taxation of substantially all bodies of land of like size and situated similarly to that of plaintiff near Atlanta. This showed only one body of land assessed at a higher rate than plaintiff's, and many at a lower. Adair testified that he and Harralson disagreed about the value of the land, he placing it at $125 per acre, and Harralson at $425 per acre; that not being able to agree they selected Lowndes; and that before entering upon the discharge of their duties they were all duly sworn.

The assignments of error in the bill of exceptions are as indicated by the petition; and further, that upon the evidence submitted an injunction should have been granted.

HILLYER & LEE, for plaintiff.

WILLIAM S. THOMSON, W. A. LITTLE and B. H. HILL, contra.